# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN DOBBS, ) | |
|       Plaintiff ) | |
| ) | |
|       v. ) | **Case No.:** |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
|       Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

KEVIN DOBBS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§1788-1788.32 et seq. ("RFDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person residing in San Diego, California, 92127.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

- 2 -

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions.   First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.   Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.   And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

- 3 -

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all times relevant, Plaintiff was an individual residing within the State of California.

16.     Upon information and belief, at all relevant times Defendant conducted business in the State of California.

17.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

18.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

19.     Beginning in or around May 2010 and continuing through September 2010, Defendant and its employees engaged in debt collection activities seeking payment from Plaintiff.

20.     Defendant and its employees identified as "Mr. Brunal", "Mrs. Lightford" and "Josh", harassed Plaintiff in an attempt to collect the alleged debt.

21.     Defendant and its employees harassed Plaintiff by making continuous calls to and leaving voice messages on his cellular telephone number.

22.     Plaintiff received phone calls and voice messages from Defendant on a number of occasions, including but not limited to, calls on August 2, 2010, August 3, 2010 at 10:56a.m.; August 11, 2010 at 12:40p.m.; August 12, 2010; August 13, 2010 at 3:39p.m.; August 16, 2010 at 4:18p.m.; August 18, 2010 at 10:38a.m.; and 11:18a.m.; August 19, 2010 at 11:19a.m.; and

PLAINTIFF'S COMPLAINT

August 29, 2010 at 12:42p.m., from the following phone numbers (800) 709-8625, (800) 413-0134, (800) 209-8625 and (800) 289-8004. The undersigned has confirmed that the number belongs to the Defendant. (See Exhibit A, Plaintiff's call log)

23.     Defendant placed repeated calls to Plaintiff's cellular phone almost every day, causing Plaintiff to receive, at times, more than four (4) collection calls a day.

24.     On multiple occasions, Plaintiff terminated calls with Defendant, only to have Defendant immediately call him back.

25.     Defendant threatened Plaintiff that it would report this debt to the credit reporting agencies, and to the best of Plaintiff's knowledge, no such reporting was ever made through the date of filing this lawsuit.

26.     After the initial communication with Defendant back on August 2, 2010, Plaintiff has still not received a letter notifying him of his rights and privileges under the law, specifically the right to dispute and/or seek validation of the alleged debt.

27.     Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had no knowledge of its validity.

28.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

29.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233

F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

## COUNT I
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

32. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;

   b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   c. Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

   d. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

   f. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

   g. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

   h. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt; and

-7-

     i.   Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT II
## VIOLATION OF THE ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT
## §§ 1788-1788.32 (RFDCPA)

33.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.    The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§1788-1788.32 et seq., prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts. See Cal. Civ. Code § 1788.1(b).

34.    Plaintiff avers that Defendant performed debt collection activities in an attempt to collect a debt allegedly owed to it.

35.    In those instances where Defendant preformed debt collection activities, Defendant's conduct violated the RFDCPA.

36.    Plaintiff is a "person" as that term is defined in Cal. Civ. Code § 1788.2(g).

37.    Plaintiff is a "debtor" as that term is defined in Cal. Civ. Code § 1788.2(h).

38.    Defendant is a "debt collector" as that term is defined in Cal. Civ. Code § 1788.2(c).

39.    Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a.   Causing Plaintiff's telephone to ring repeatedly in connection with the collection of a debt in violation of Cal. Civ. Code § 1788.11(d);

- 8 -

b. Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances in violation of Cal. Civ. Code § 1788.11(e);

c. Falsely representing that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency in violation of Cal. Civ. Code § 1788.13(f).

40. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

WHEREFORE, Plaintiff, KEVIN DOBBS, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and California Civil Code § 1788.30(c); and

d. Any other relief deemed appropriate by this Honorable Court.

- 9 -

1
2
## <u>DEMAND FOR JURY TRIAL</u>

3      PLEASE TAKE NOTICE that Plaintiff, KEVIN DOBBS, demands a jury trial in this

4   case.

5
6
7                                    RESPECTFULLY SUBMITTED,

8   DATED: 03|04|11                  KIMMEL & SILVERMAN, P.C..

9
10                                   By: _Tara L. Patterson_
                                     Tara L. Patterson
11                                   Attorney ID # 88343
                                     Kimmel & Silverman, P.C.
12                                   30 E. Butler Pike
                                     Ambler, PA 19002
13                                   Phone: (215) 540-8888
                                     Fax: 877-788-2864
14                                   Email: tpatterson@creditlaw.com

15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT

Aug 2 — Mrs Lightburg   NCO
800 - 709 - 8625

Aug 3   10:15 AM
800
800  858 - 2256  Ext+219   (00587379)
fred
Aug 3   10:56 AM   Mrs. Lightburg NCO
800  709 - 8625   (Bacini spoken)
Aug  12:   Mr  -  NCO -   Ext EMV201
Brunel
800 - 413 - 0134
Aug 6  10:35 AM   CB Melchia -
8pm  8pm Mon-Thur
209  944 - 9001   800 - 992-9000
Aug 10  12:40 pm   (Patria Simon) DN
800 - 668-2447   Ext 168   68
#  215 - 540 - 8888   Kennel Lennol Law
Aug 11  12:40pm   Mr Brunel
800  413 - 0134   NCO
Aug 13
209 - 944 - 9001   800 - 399 - 2400  8am 8pm
(Hedcock) Sen 9pm Fri
Aug 13  3:39 pm   Richard   NCO
800  413 - 0134   recording collect-a del
ref-ATD804
Aug 16  4:13 pm   Mr Brunel   NCO
800 - 413 - 0134
Aug 18  10:04 am   CB Melchia
Service
209 - 944 - 9001 (Ext16)



PLAINTIFF'S EXHIBIT
A
ALL-STATE LEGAL®

Aug 18  10:38 AM      Mrs.          NCO
800 709 8626          Langford

Aug 18  11:18 AM      Mr.   NCO
800-413-0134          Brukal

Aug 19  11:19 AM      Nicole   NCO
800 709 8625          Irwin

Aug - Well-Fargo's    Sunia (National Recovery)
800 289-8004          909-941-5165 direct
752  8633 ex 65817

Aug 20  12:42         Mrs.          NCO
                      Lightford
800 709-8626          ref - DMV201

Well Fargo Sunia N.

Unknown ID  NCO      11:50 AM   9/10
Jocha Acc